UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS

DWAYNE D. MORGAN                           NO. 09-0040-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 25, 2015.

                                         RICHARD L. BOURGEOIS, JR.
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                       CRIMINAL ACTION

VERSUS

DWAYNE D. MORGAN                            NO. 09-0040-BAJ-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the motion of the defendant, Dwayne D. Morgan, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. R. Doc. 22. The defendant asserts that the district court erred in sentencing him as a career offender under the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). There is no need for oral argument or for an evidentiary hearing. The Court finds that the defendant's motion is untimely.

On March 26, 2009, a federal grand jury indicted the defendant in a one-count indictment for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On July 22, 2009, the defendant withdrew his prior plea of not guilty and entered a plea of guilty in connection with the referenced charge. As part of the Plea Agreement, the defendant waived his right to appeal and to seek collateral review except under certain narrow circumstances and except as to claims of alleged ineffective assistance of counsel, and the United States agreed that no additional criminal charges would be brought against the defendant arising out of the offense alleged in the indictment.

The Court's Minute Entry of July 22, 2009, reflects that at the defendant's subsequent guilty plea colloquy, the Plea Agreement setting forth the terms of the agreement was filed, and

the factual basis for the guilty plea was read into the record. The Minute Entry further reflects that the Court explained the defendant's rights to him at that time. The referenced Plea Agreement made clear that the maximum sentence faced by the defendant was ten (10) years in confinement but that, in the event that the defendant was found to have three (3) prior convictions for violent felonies or serious drug offenses, or both, committed on occasions different from one another, the maximum sentence faced by the defendant would be a term of imprisonment of not less than fifteen (15) years and not more than life. The Plea Agreement further provided that there was no agreement between the defendant and the United States as to the actual sentence that the Court would impose as a result of the plea agreement. Based upon statements made by the defendant at the plea colloquy, the Court found that the defendant had knowingly, voluntarily and intelligently, with the advice of counsel, entered into the Plea Agreement, and the Court accepted the defendant's guilty plea and ordered the preparation of a Pre-Sentence Investigation Report ("PSIR").

A PSIR was thereafter prepared and made available to the parties on November 13, 2009. At the petitioner's subsequent sentencing hearing on March 31, 2010, he was determined to have three prior felony convictions for violent offenses and was sentenced to serve fifteen (15) years in confinement in accordance with 18 U.S.C. § 924(e). The petitioner did not pursue a direct appeal of the conviction or sentence.

Finally, on or about April 24, 2014, four years after the entry of judgment, the petitioner has now filed the instant motion to vacate his sentence.[1] He asserts that a recent decision of the

---

1. The petitioner filed an initial habeas corpus proceeding pursuant to 28 U.S.C. § 2241 in the Eastern District of Texas, see *Dwayne D. Morgan, v. C.V. Rivera*, Civil Action No. 14-0117-TH-KFG (E.D. Tex.). That Court concluded that the petitioner's application should be

United States Supreme Court, *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013), renders one or more of his three underlying predicate felony offenses ineligible for consideration as a crime of violence within the meaning of the ACCA. The petitioner further asserts that, because he has filed the instant motion within one year of the decision in *Descamps*, his motion is not barred by the one-year limitation period applicable to proceedings brought under 28 U.S.C. § 2255.

The general limitations period for seeking habeas corpus relief under § 2255 is one year after the conviction becomes final. 28 U.S.C. § 2255(f)(1). If the petitioner has not filed a direct appeal, a § 2255 application must be filed within one year after expiration of the 14-day period allowed for the filing of a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). In this case, the Court entered judgment on April 22, 2010. *See* R. Doc. 19. Accordingly, the 14-day period for filing a direct appeal elapsed on May 6, 2010. As a result, the deadline to file a motion to vacate pursuant to § 2255 expired one year later on May 6, 2011. The petitioner did not, however, file his § 2255 motion until April 24, 2014, approximately four (4) years after the expiration of the limitations period. As such, the instant motion is untimely under § 2255(f)(1) and should be dismissed unless another provision applies to the calculation of the appropriate limitations period or unless the petitioner is entitled to equitable tolling of the limitations period herein.

---

construed to be a motion to vacate brought pursuant to 28 U.S.C. § 2255, and the Court dismissed the proceeding for lack of jurisdiction. Further, alternatively interpreting the petitioner's claim as having been brought as a § 2241 proceeding under the "savings clause" of § 2255(e), the Court found that the petitioner had not shown that he was entitled to the requested relief.

The petitioner argues that this Court should utilize 28 U.S.C. § 2255(f)(3) as the starting point for calculation of the one-year limitations period in this case. This section provides that, in appropriate circumstances, the limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The petitioner contends that the decision in *Descamps v. United States, supra*, has established a newly recognized right that is retroactively applicable to cases on collateral review. The decision in *Descamps* clarified the test utilized in *Taylor v. United States*, 495 U.S. 475 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), for determining whether a prior conviction constitutes a violent felony under the ACCA. *See Descamps, supra*, 133 S.Ct. at 2281-82.

Notwithstanding the petitioner's argument, he is mistaken in his assertion that *Descamps* alters the calculation of the limitations period in this case. Numerous courts have addressed this question and have concluded that *Descamps* is not retroactively applicable to cases on collateral review for the purposes of 28 U.S.C. § 2255(f)(3). *See United States v. Chapman*, 21 F. Supp. 3d 839 (S.D. Tex. 2014); *Hawley v. United States*, 2014 WL 5094106 (W.D. Tex. Oct. 10, 2014)*; Monroe v. United States*, 2013 WL 6199955 (N. D. Tex. Nov. 26, 2013). *Cf.*, *Preston v. Ask-Carlson*, 583 Fed. Appx. 462, 463 (5th Cir. 2014) (finding in the context of 28 U.S.C. § 2241 that *Descamps* "is not a retroactively applicable Supreme Court decision"). Accordingly, the petitioner cannot rely on *Descamps* to contend that § 2255(f)(3) applies to extend the limitations period in this case.

Nor has the petitioner shown that he is entitled to equitable tolling of the limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict

4

application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal quotation marks omitted). Because the one-year limitations period established by 28 U.S.C. § 2255(f) is not jurisdictional, it may be subject to equitable tolling in certain instances. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). The decision whether to apply equitable tolling, however, turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). A Court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). *See also Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (finding that traditionally, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights"). The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on rehearing*, 223 F.3d 797 (5th Cir. 2000). In order to satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way an prevented timely filing" of his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner has not set forth any tenable reason to apply equitable tolling in the instance case. Accordingly, his application brought pursuant to § 2255 should be denied.

The petitioner also asserts, in the alternative, that he should be allowed to rely on *Descamps* to proceed with the instant claim under the "savings clause" of 28 U.S.C. § 2255, which provision allows a federal prisoner to attack the legality of his conviction or sentence in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or

5

ineffective to test the legality of his detention." *See* § 2255(e). However, a prisoner seeking to establish that his § 2255 remedy is inadequate or ineffective must assert a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The petitioner does not meet this test. In addressing this question in the context of a case similar to that presented herein, the Fifth Circuit stated:

> *Descamps* has no effect on whether the facts of [petitioner's] case would support his conviction for the substantive offense; therefore, it is not a retroactively applicable Supreme Court decision indicating that he was convicted of a nonexistent offense. *See, e.g., Wesson v. U.S. Penitentiary Beaumont, Tex.*, 305 F.3d 343, 348 (5th Cir. 2002) (*per curiam*). Moreover, claims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a "miscarriage of justice" or actual innocence relating to the alleged sentencing errors. *See, e.g., Torres v. Young*, 457 Fed. Appx. 427, 429 (5th Cir. 2012) (*per curiam*); *Bey v. Tamez*, 453 Fed. Appx. 445, 446 (5th Cir. 2011) (*per curiam*).

*Preston v. Ask-Carlson*, 583 Fed. Appx. 462, 463 (5th Cir. 2014). Accordingly, the petitioner is unable to show that he is entitled to relief under § 2241, and his motion to vacate should be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a

habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (R. Doc. 22) be denied and that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 25, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**