UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| DWAYNE D. MORGAN | NO.: 09-00040-BAJ-RLB |

RULING AND ORDER

Before the Court is Petitioner Dwayne D. Morgan's **Motion for Relief Per 28 U.S.C. § 2255(f)(3) (Doc. 22)**. The Magistrate Judge has issued a Report (Doc. 25) recommending that Petitioner's motion be denied as untimely and that a certificate of appealability be denied. Petitioner timely filed objections to the Magistrate Judge's Report. (*See* Doc. 26).

I.  DISCUSSION

Petitioner, who was sentenced by this Court in the above-captioned matter on March 31, 2010, asserts that he is entitled to § 2255 relief due to the decision of the U.S. Supreme Court issued on June 20, 2013 in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), holding that courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), when the crime of which the defendant was convicted has a single, indivisible set of elements. Petitioner argues that the rule announced in *Descamps* established a newly recognized right that is retroactively applicable to cases on collateral review, such that his instant motion filed on April 28, 2014

within one year of *Descamps*'s decision is timely filed under 28 U.S.C. § 2255(f)(3). In the alternative, Petitioner contends that he may rely on *Descamps* to proceed with the instant claim under the "savings clause" of 28 U.S.C. § 2255(e) and attack the legality of his detention in a § 2241 petition.

For Petitioner to prevail on either of his arguments, he would have to show, as a threshold matter, that the U.S. Supreme Court's decision in *Descamps* was made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3) (one-year period of limitation may be calculated to run from date the asserted right was initially recognized by the Supreme Court, if that right has been *newly recognized by the Supreme Court and made retroactively applicable* to cases on collateral review) (emphasis added); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (savings clause applies to a claim that is, *inter alia*, based *on a retroactively applicable Supreme Court decision*).

Here, Petitioner has not made a showing of the retroactive applicability of *Descamps*. The Court is ultimately persuaded by the reasoning in the Magistrate Judge's Report and the citations of district court cases within the Fifth Circuit, which in turn cite district court cases around the country—all of which held that *Descamps* does not have retroactive effect on collateral review. The Court notes, however, that it is unable to identify any instance in which the U.S. Court of Appeals for the Fifth Circuit has squarely addressed the issue in an opinion that has precedential effect. *See, e.g., United States v. Birtha*, No. CRIM. 7-20052(02),

2

2015 WL 893267, at *3 (W.D. La. Feb. 27, 2015) (noting that the Fifth Circuit has not addressed the issue of whether *Descamps* is retroactively applicable to cases on collateral review); *United States v. Chapman*, No. CIV.A. H-13-3404, 2014 WL 1931814 (S.D. Tex. May 14, 2014) (noting that no circuit court has addressed the issue). *See also Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014) (per curiam) (holding that *Descamps* is not retroactively applicable, as required to invoke the savings clause, but specifying that the opinion is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4).

With no binding authority from the Fifth Circuit addressing the question of *Descamps*'s retroactive applicability, the Court finds that "jurists of reason could disagree with the district court's resolution of [Petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005) (*Miller-El v. Cockrell*, 537 U.S. 322 (2003)). "[A]ny doubts as to whether a [certificate of appealability] should issue must be resolved in Petitioner's favor." *Medellin v. Dretke*, 371 F.3d 270, 275 (5th Cir. 2004) (internal alterations omitted). Thus, the Court shall grant a certificate of appealability in this matter.

3

## II. CONCLUSION

Having carefully considered Petitioner's § 2255 motion and related filings, the Court **APPROVES** the Magistrate Judge's **Report and Recommendation (Doc. 25)**, and **ADOPTS** the Report as the Court's opinion herein.

For the reasons explained in the Magistrate Judge's Report in conjunction with reasons explained in the instant Ruling and Order,

**IT IS ORDERED** that Petitioner Dwayne D. Morgan's **Motion for Relief Per 28 U.S.C. § 2255(f)(3) (Doc. 22)** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** because Petitioner made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

Baton Rouge, Louisiana, this 20th day of April, 2015.

                                              **BRIAN A. JACKSON, CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **MIDDLE DISTRICT OF LOUISIANA**